UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

BERRY FLOOR USA, INC., ALLOC, INC.,
and BERRY FINANCE, N.V.,

        Plaintiffs,
v.                                                      Case No. 08-CV-44

FAUS GROUP, INC.,

        Defendant.
_____

**ORDER**

On January 11, 2008, the plaintiffs filed their complaint in this action seeking a declaratory judgment of patent non-infringement or invalidity. On March 21, 2008, the defendant filed a motion to dismiss or, in the alternative, to stay or transfer this action. The defendant moved pursuant to General Local Rule 79.4(d) to file under seal its brief in support of its motion as well as two affidavits and attached exhibits. The plaintiffs also moved to file under seal an unredacted version of their brief in opposition to the motion to dismiss as well as an exhibit. Both parties filed under seal a licensing agreement which appears to play a central role in the defendant's motion to dismiss. For the reasons stated below, the parties' motions for leave to file under seal will be denied.

As a general rule, documents submitted to a court are presumptively available for public inspection unless compelling reasons exist for denying the public access. *See Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) ("When [litigants]

call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials."). Indeed, under Fed. R. Civ. P. 26(c), the court must determine that good cause exists to seal any part of the record of a case. *Id.* The Seventh Circuit has emphasized the importance of the public record in preserving the legitimacy of the courts.

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

*Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). The *Hicklin* court noted that this circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Id.* (citations omitted).

In support of its motion to seal, the defendant asserts that the license agreement contains confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(G). The plaintiffs support their motion to seal by noting that the parties agreed to keep the licensing agreement confidential. After reviewing the documents the parties seek to file under seal, the court is unable to conclude that good cause exists to warrant sealing those documents. Although the licensing agreement contains a confidentiality clause, a review of the agreement

2

reveals that the only arguably confidential information it contains would be the dollar or euro amounts. The parties' request is too broad and unnecessarily removes from public scrutiny an integral part of the judicial record, specifically, the licensing agreement. Indeed, by sealing the documents as requested by the parties, the public would be unable to evaluate the handling of the case by the judiciary. In sum, the court concludes that the requests to seal are not narrowly tailored to shield only information that deserves such protection. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Because the parties have not demonstrated good cause to seal their filings, pursuant to the requirements of Rule 26(c) and prevailing circuit law, the court is obliged to deny the motions to seal.

The parties will be permitted to file a motion to withdraw the documents they filed under seal within 10 days from the date of this order. If the parties choose to proceed in the public courts, they will be permitted to re-file, with the guidance of today's order, any withdrawn briefs and supporting documents in unsealed form. As mentioned above, if the parties file the licensing agreement, the only information in that document that arguably warrants sealing is the dollar or euro amounts. Therefore, the licensing agreement may be filed with those items redacted from the agreement. If the parties do not file a motion to withdraw the documents filed under seal within 10 days from the date of this order, then the documents will be placed in an open file.

Accordingly,

3

**IT IS ORDERED** that the defendant's motion to seal (Docket # 8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiffs' motions to seal (Docket ## 15 and 19) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the parties may file a motion to withdraw the documents filed under seal within 10 days from the date of this order, otherwise the documents will be placed in an open file.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge